IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:23-cr-360-1 |
| | : | 1:25-cv-121 |
| ADAM MICHAEL CLODFELTER | : | |

**ORDER**

This matter comes before the court on Defendant's pro se "Motion for Enlargement of Time to Reply Order and Recommendation of United States Magistrate Judge for Good Cause." (Doc. 39.) Defendant requests "additional time to reply to the Magistrate's report." The deadline for filing objections to the Magistrate Judge's Order and Recommendation ran on March 17, 2025, (Doc. 36), and Defendant's motion for an extension of time was filed after the responsive period ended.

Defendant filed a notice of appeal following entry of judgment in the original proceeding. While that appeal was pending, Defendant filed a petition pursuant to 28 U.S.C. § 2255. (Doc. 33.) The Magistrate Judge entered a recommendation that the petition be dismissed without prejudice because the normal practice is to dismiss a § 2255 motion without prejudice. (Doc. 35.) Two weeks after the Recommendation was entered, the Fourth Circuit Court of Appeals issued an opinion and judgment

as to the original appeal dismissing in part and affirming in part. (Docs. 37, 38.)

Defendant's request for extension of time will be denied because it is not timely, nor does it state a ground for finding excusable neglect. Excusable neglect, not good cause, is the applicable standard when a motion for extension is filed after the applicable time period has expired. See Fed. R. Civ. P. (6)(b)(1)(B).

This court further finds, after conducting a de novo review, that the Magistrate Judge's Recommendation remains appropriate. Defendant, in filing his § 2255 petition, apparently falsely represented to this court that he did not raise an ineffective assistance claim in his direct appeal. (Doc. 33 at 4.) However, the Fourth Circuit's opinion addressed ineffective assistance of counsel. (Doc. 37 at 3 ("This appeal waiver does not, however, bar our consideration of Clodfelter's claim of ineffective assistance of counsel.").) Defendant personally raised that claim during his direct appeal as part of the Anders process. (See id. at 2.)

This court is not required to parse a premature and misleading petition to determine the applicable procedural history.

- 2 -

Case 1:23-cr-00360-WO   Document 41   Filed 04/15/25   Page 2 of 3

Defendant is cautioned to carefully draft his pleadings filed in this — court, as false or misleading allegations are not permitted.

**IT IS THEREFORE ORDERED** that Defendant's Motion, (Doc. 39), is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Recommendation, (Doc. 35), is **ADOPTED,** and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. 33), is **DISMISSED WITHOUT PREJUDICE** to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

The court further finds there is no substantial showing of the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, therefore a certificate of appealability is not issued.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 15th day of April, 2025.

_____
United States District Judge